MANUEL MUÑIZ CINTRÓN, Plaintiff and Appellee, *v.* FRANCISCO VIVAS CAPÓ ET AL., Defendants and Appellants.

No. 6146. Argued November 7, 1932.—Decided November 10, 1932.

*Ángel Fiol Negrón* for appellants. *Francisco R. Cortés* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

One of the grounds urged by the appellee for the dismissal of this appeal is that the order of the court directing the stenographer to prepare the transcript of the evidence for the appeal must be issued immediately upon the filing of the notice of appeal, and that the court must never wait until the appellee requests said order. The law provides the contrary, since section 1 of Act No. 27 of November 27, 1917 (Session Laws, (II) p. 274), providing for the substitution, at the option of the party, of a transcript of the evidence prepared by the stenographer for the bill of exceptions and statement of the case, prescribes that the motion for the preparation of the transcript must be presented within ten days after the filing of the notice of appeal.

The appellee also claims that the lower court, in granting

to the stenographer an extension of time exceeding 60 days, violated section 3 of the said Act, as amended by Act No. 81 of June 26, 1919 (Session Laws, p. 674). Said section 3 as amended provides that the time allowed to the stenographer for preparing the transcript of the evidence may be extended by the court, and that should the stenographer fail, without a legitimate excuse, to prepare said transcript within the period of 60 days, the court shall compel him to do so by proper coercive means. Inasmuch as the court granted another extension of time to the stenographer and did not use coercive means against him, we must suppose that he established before the court a legitimate excuse for not having made the transcript within the 60 days, and the appeal should not be dismissed on the ground advanced.

From the record of the case brought before us, it appears that in this action it is sought to recover a certain sum of money and interest on a loan made to the plaintiff and secured by a mortgage appearing in a deed; that this obligation is now due and has not been paid; that the defendant-appellant is the present owner of the mortgaged property, which he acquired by exchange, as appears from a public deed wherein the purchaser declared that he would be responsible for the payment of the principal and the interest to the mortgage creditor, and retained money for said payment; that the defendant and his wife made a general denial of the facts alleged in the complaint, and that at the trial the plaintiff introduced documentary and oral evidence, while the defendants presented no evidence at all; and that the judgment complained of was rendered.

The foregoing facts show the frivolousness of this appeal. Since the mortgage debt claimed appears in a public deed, and the defendants by another deed acquired the mortgaged property binding themselves to pay the mortgage and the interest thereon, and retained money out of the purchase price for such payment, and no proof to the contrary having been offered, there is no doubt that the present owner is

liable for the payment of said mortgage. Consequently, the appeal taken from the judgment ordering such payment is frivolous, and it must be dismissed on that ground.